Hopkins, Senator.
Before examining the main question of law Upon which this case depends, it may be proper to dispose of the matters which have been brought before us in the error *294 book, but forming no part of the record upon which alone this court can review the judgment below. (Lovett v. Pell, 22 Wend. 379.)
It is attempted by matters appended to the record, but not forming part of it, to bring into review by this court an order of the supreme court granting a re-argument of the motion for a new trial before that court. This and also the order allowing an amendment of the declaration, I take it are'matters of practice, wholly within the discretion of the Supreme court. But without discussing the question whether they can be reviewed here, probably the easiest way to dispose of them may be to show that they afford no good ground of complaint any where.
The order for re-argument before the supreme court was I think made in the exercise of a sound discretion, and in furtherance of justice. Thát court having become satisfied that then-order granting a new trial was made upon insufficient or mistaken grounds, certainly it was their duty to order a re-argument. It was a decision that could not be corrected in any other Way, not being the subject of a writ of error to this court. If upon the re-argument the court became satisfied that the cause had been properly disposed of at the circuit, they could do no less than rescind the Order for a new trial, and thus save the parties the very great expense attending the trial of such a case. If the circuit judge decided the law correctly, I think no one can look into the case without being perfectly satisfied that the verdict of the jury was correct. If the carriers were liable for want of ordinary prudence and care, no one can doubt but that they were liable for the loss in this case. That ordinary prudence and care were not used by the carriers, was virtually conceded; their defence being put mainly upon the ground that they were not responsible even if they had not used such prudence. They insisted that gross neglect must be shown, and it was probably a misapprehension as to the true issue between the parties that led the supreme court into the error of granting a new trial-, which they corrected on the re-argument. But if a want of ordinary prudence was not conceded, yet the jury having passed upon that question, and *295 found that the carriers had not used such prudence and skill in transporting the goods, the court was justified upon the case in assuming it to be so. That was a matter within the province of the jury, and an examination of the case I think must show that they found correctly.
Nothing then remained but for the court to decide the question of law, and having come to the conclusion that the carriers were answerable for want of ordinary care and prudence, it would have been a great hardship to have compelled the parties to try the cause over again. Suppose the re-argument had not been ordered, what would have been the consequence? The cause would have been tried over again, and the circuit judge, considering as a matter of course that his decision on the first trial was overruled by the supreme court, would have instructed the jury accordingly, and the defendants below would have had a verdict in their favor, But this would have been of no benefit to them, for when the case should again come before the supreme court, that court having discovered its mistake, would have decided against them. And yet the plaintiff below could not get a judgment in his own favor until the cause should again be tried for the third time. So that the order for re-argument probably saved the parties the great expense of two new trials, and of corresponding motions to the supreme court, before they could bring the simple question of law involved in the case before this court. This court, then, even if it had power to review that question, could not come to any other conclusion than that the re-argument was wisely ordered.
Another question of a somewhat similar character may as well be examined here. Was the order of the supreme court allowing an amendment of the declaration correct? That court having allowed a copy of the original declaration to be inserted in the bill of exceptions forming part of the case, I have less objections to a consideration of the question. It is evident that the cause was tried and the case submitted to the jury precisely in the same manner as if the amendments had been originally contained in the declaration. They therefore became mere *296 matters of form, within the discretion of the supreme court to settle, and might perhaps have been ordered in this court. (1 R. S. 343.) It is not to be forgotten, too, that the plaintiffs in error were, only enabled to bring the cause to this court by favor of the supreme court; in the first place allowing them to argue the case there after the judgment was perfected, and again allowing the case to be turned into a bill of exceptions. And it was perfectly competent and proper for that court to impose, as a condition the allowance of the amendments, so that the record should present to this court the simple question as to the liability of the carriers, on which alone the supreme court correctly saw that the cause must finally be determined. They did wisely in divesting the case of mere matters of form, which could be corrected on motion, and requiring the parties to come before this court upon the single question of law on which their rights would finally have to be settled,
It only remains, then, for this court now to decide the question of law presented in the charge of the circuit judge to the jury. If any doubt can arise as to the correctness of the law laid down by the judge, it would seem to be whether he did not charge too favorably to the carriers, After an examination of the case it struck my mind forcibly that the circuit judge must have considered the evidence so decidedly favorable to the plaintiff, that he might charge the law in the most favorable; light possible to the defendants below, so that they should have no reasonable grounds for carrying up the decision in case the verdict was against them. He yielded up to the carriers every thing but requiring of them the exercise of ordinary prudence and care. The law has ever with great wisdom held common carriers to a rigid accountability, Nothing but inevitable accident' or the act of the public enemy is allowed to excuse them for not delivering goods entrusted to their care. Courts have ever deemed it dangerous to the safety of property in course of transportation, to relax in the least from this rule. They will not allow this responsibility to be restricted by any notice. In Hollister v. Nowlen, (19 Wend. 247,) Mr. Justice Bronson, upon an elaborate and able examination of the law of *297 common carriers, declares that a notice, even when brought home to the party, is only a proposal for a special contract, which it is incumbent on the carrier to show was agreed to by the owner of the goods. In Cole v. Goodwin, (19 Wend. 251,) Mr. Justice Cowen lays down the law to be, that the. liability of common carriers cannot be restricted even by express contract, and he sustains the position with great ability, and upon sound reasons of public policy.
But no such rigid accountability was exacted by the circuit judge on the trial of this case. The mere verbal notice given to the plaintiff, although there was no evidence that it had been agreed to by him, was allowed to have all the effect of an express contract. He instructed the jury that it was not necessary for the carriers to show that the accident happened by the act of God, or was inevitable; but that they must show they used ordinary care, such as commonly prudent men would take of their own property. What less could have been required I cannot imagine. They received a consideration for transporting the goods, and certainly could not be absolved from all care ; and I do not see how less could be required than that which a prudent man takes of his own property. The jury having by their verdict found- that such prudence and care was not used by the defendants, I think the court below correctly held them responsible, and that the judgment should be affirmed.
Porter, Senator.
In this case the supreme court granted a new trial upon the application of the defendants below, on the ground that the verdict for the plaintiff was decidedly against the weight of evidence, and also on the ground that there was a variance between the declaration and proof in respect to the contract; at the same time authorizing the plaintiff below to amend his declaration. He did not amend his declaration under this order, and give the defendants an opportunity to plead to it; but after waiting about two years, ho applied to the supreme court, and obtained a re-argument. Prior to the first argument the plaintiff had entered up his judgment upon the verdict, but the court directed the argument to proceed, notwithstanding the *298 judgment. On the second argument, the court denied the motion for a hew trial, and gave “ the plaintiff leave to amend the judgment record filed in the cause, nunc fro tunc, so as to obviate the objections taken by the defendants as to the variance between the contract as proved, and as laid in the declaration.” Upon these proceedings the defendants below bring their writ of error, and one point they make is, that the court below had no power, after verdict, to allow the plaintiff to amend his declaration as to matter of substance, without granting a new trial, and certainly not after judgment perfected.
Though the judgment record had in fact been filed, still it would not be correct to limit the power of the court in regard to amendments to such cases as are authorized by the statute after judgment; for the reason that the supreme court had treated the case as still pending before them, and at the instance of the defendants had considered the case open for discussion upon the question of a new trial. Had the court power to make the order they did after verdict ? The decision of this question must depend upon the statute.
By the first section of the act for amending pleadings and proceedings, (2 R. S. 424,) it is provided as follows: “ The court in which any action shall be pending, shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein.” The second section declares that “if such amendment be made to any pleading in matter of substance, the adverse party shall be allowed an opportunity, according to the course and practice of the court, to answer the pleading so amended.”
This is an important statute, and should be favorably construed ; for its object is to promote justice with the least possible expense and delay, to defeat technical' objections, and give relief in cases of surprise, without real injury to any one. If the amendment ordered in this case was one of form only, then the court was warranted in directing it upon the terms they did, for no injustice was done thereby. But to understand *299 this matter properly, it becomes necessary to look at the declaration as it was at the trial, the contract between the parties, and the amendment proposed.
The declaration was upon a contract which it alleged the defendants had made as common carriers, to transport the plaintiff’s goods from New-York to Ogdensburgh, by the way of Lake Ontario; and it averred that the defendants undertook and promised safely and securely to carry and deliver the goods to the plaintiff at Ogdensburgh. Upon the trial the proof showed that the agreement of the defendants for the transportation of the plaintiff’s goods was not such as that set forth in the declaration; but that the defendants had excepted the «dangers of the lake from their responsibility. On the first argument of the motion for a new trial, the supreme court decided that there was a variance between the contract proved and that laid in the declaration; and they ordered that there should be a new trial, and gave the plaintiffs leave to amend. If the plaintiffs had acted under that order, they must have served the defendants with a copy of the amended declaration, to which they might have pleaded, and the parties would have gone down to trial upon this new issue. But by the last order which the supreme court made, the plaintiff is allowed to sub-1 stitute the contract proved in the place of the one stated in the pleadings, and on which the issue was formed at the time of the trial, and to perfect his judgment embracing the amendment, while the defendants have had no opportunity to plead to it, and have not been heard in court in reference to it, nor have they gone to trial with any notice that they would be called upon to answer for the non-fulfilment of this contract.
Is this amendment then a matter of substance ? If it is, the statute requires that the defendants should have been allowed to plead to it. I infer that the supreme court supposed it a matter of substance, for they declared on the first argument that there was a variance, and allowed an amendment. If the variance was so slight as not to become a matter of substance, then it could hardly have warranted the court in deciding as they did. But a slight attention to the liabilities incurred by the different *300 contracts, will show that the variance is substantial. The contract of a common carrier is, that he will carry the goods to the place of destination safely, and he is liable for all losses or injury except such as arise from the act of God, or the enemies of the country. But if the contract excepts the dangers of the lake, the responsibility of the carrier is very much modified and lessened. He then agrees to be answerable only for ordinary care; such as a prudent person may be supposed to extend to his own property. The difference between the cases is palpable and substantial; and an issue joined at law in respect to one of these contracts would present a very different question and might require different testimony from an issue in respect to the other.
The answer given on the argument, that the cause was tried as if that exception had been mentioned in the declaration, is not satisfactory. It was not so tried with the defendants’ consent. They moved for a nonsuit on the ground of variance, but the motion was denied. If there has not been an issue upon the true contract, and the defendants have not had legal notice of the ground of claim against them for damages, then the forms of law have not been complied with.
I am of opinion that the court had no power to order the record of judgment to be amended, because the amendment was a matter of substance, and the adverse party was not allowed an opportunity of answering the declaration after it was amended. For this reason I think the judgment should be reversed.
On the question being put, “ Shall this judgment be reversed?” the members of the court voted as follows:
For reversal: Senators Deyo, Platt, Porter, Putnam, Rhoades, and Scott—6.
For affirmance: The President, and Senators Bockee, Chamberlain, Faulkner, Foster, Hard, Hopkins, Lawrence, Lott, Scovil and Works—11.
Judgment affirmed.